IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH BROWN, | ) | Civil Action No. **2:23-cv-1171** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge: |
| vs. | ) | |
| | ) | |
| W. AXL ROSE a/k/a AXL ROSE; | ) | Electronically Filed |
| | ) | |
| GUNS N' ROSES; | ) | |
| | ) | |
| GUNDAM TOURING SERVICES US, LLC; | ) | **JURY TRIAL DEMANDED.** |
| | ) | |
| TEAM BRAZIL; and | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN A CIVIL ACTION

AND NOW, comes the Plaintiff, SARAH BROWN, by and through Plaintiff attorneys,

EDGAR SNYDER & ASSOCIATES, LLC; CHRISTINE ZAREMSKI-YOUNG, ESQUIRE and

ADAM C. HAGGAG, ESQUIRE; and files the within COMPLAINT IN A CIVIL ACTION and

in support thereof avers the following:

## I. PARTIES

1.     Plaintiff, SARAH BROWN, is an adult individual who resides at 2 Harrogate

Drive, Hummelstown, Pennsylvania 17036.

2.     Defendant, W. AXL ROSE:

    a.     is an adult individual.

    b.     is also known as AXL ROSE.

    c.     is believed and therefore averred to be residing at 5055 Latigo Canyon
        Road, Malibu, California 90265.

      d.      has an agent for the acceptance of process through LL Management Group West, LLC, which is located at 5950 Canoga Avenue, Suite 510, Woodland Hills, California  91367.

      e.      has legal counsel through Sheppard Mullin Richter & Hampton LLP located at 1901 Avenue of the Stars, Suite 1600, Los Angeles, California  90067.

      f.      has substantial contacts with Pittsburgh, Pennsylvania.

3.      Defendant, GUNS N' ROSES, is a musical group and partnership organized and existing under the laws of the State of California, with its principal place of business in Los Angeles.

4.      It is believed and therefore averred that Defendant, GUNS N' ROSES:

      a.      has a principal place of business located at 5950 Canoga Avenue, Suite 510, Woodland Hills, California  91367 and/or 8430 W. Sunset Boulevard, West Hollywood, California  90069 and/or 15250 Ventura Boulevard #900, Sherman Oaks, California  91403.

      b.      has an agent for the acceptance of process through LL Management Group West, LLC, which is located at 5950 Canoga Avenue, Suite 510, Woodland Hills, California  91367.

      c.      has legal counsel through Sheppard Mullin Richter & Hampton LLP located at 1901 Avenue of the Stars, Suite 1600, Los Angeles, California  90067.

      d.      has general partners that are W. Axl Rose a/k/a Axl Rose, Saul Hudson a/k/a Slash, and Michael McKagen.

      e.      has substantial contacts with Pittsburgh, Pennsylvania.

5.      Defendant, GUNDAM TOURING SERVICES US, LLC, is a Delaware Corporation authorized to transact and conduct business in the Commonwealth of Pennsylvania with a principal place of business located at 1516 Norman Avenue, Thousand Oaks, California 91360, and a place for the conduction of business located at 5950 Canoga Avenue, Suite 510, Woodland Hills, California 91367.  It is believed and therefore averred that Defendant, GUNDAM TOURING SERVICES US, LLC, has substantial contacts with Pittsburgh, Pennsylvania.

6.    Defendant, TEAM BRAZIL, is believed to be a entity owned and/or managed by FERNANDO LEBEIS, with a principal place of business located at 22450 Philiprim Street, Woodland Hills, California 91367 and/or a place for the conduction of business located at 5950 Canoga Avenue, Suite 510, Woodland Hills, California 91367. It is believed and therefore averred that Defendant, TEAM BRAZIL, has substantial contacts with Pittsburgh, Pennsylvania.

7.    Defendant, LIVE NATION ENTERTAINMENT, INC., is a Delaware Corporation authorized to transact and conduct business in the Commonwealth of Pennsylvania with a principal place of business located at 9348 Civic Center Drive, Beverly Hills, California 90210. It is believed and therefore averred that Defendant, LIVE NATION ENTERTAINMENT, INC., has substantial contacts with Pittsburgh, Pennsylvania.

8.    At all times material hereto, Defendants, W. AXL ROSE a/k/a AXL ROSE; GUNS N' ROSES; GUNDAM TOURING SERVICES US, LLC; TEAM BRAZIL; and/or LIVE NATION ENTERTAINMENT, INC., were acting by and through their respective officers, agents, servants and/or employees, which were working within the course and scope of their respective offices, agency, servitude, and/or employment relationship with Defendants, W. AXL ROSE a/k/a AXL ROSE; GUNS N' ROSES; GUNDAM TOURING SERVICES US, LLC; TEAM BRAZIL; and/or LIVE NATION ENTERTAINMENT, INC.

9.    At all times material hereto, it is believed and therefore averred that Defendant, W. AXL ROSE a/k/a AXL ROSE, was an officer, agent, servant, employee and/or representative of Defendants, GUNS N' ROSES; GUNDAM TOURING SERVICES US, LLC; TEAM BRAZIL; and/or LIVE NATION ENTERTAINMENT, INC., and was acting within the course and scope of his capacity as an officer, agent, servant, employee and/or representative of said Defendants. Therefore, Defendants, GUNS N' ROSES; GUNDAM TOURING SERVICES US, LLC; TEAM

BRAZIL; and/or LIVE NATION ENTERTAINMENT, INC., are responsible to the Plaintiff for the actions of Defendant, W. AXL ROSE a/k/a AXL ROSE, vicariously and through respondeat superior.

10.     At all times material hereto, it is believed and therefore averred that Defendants, W. AXL ROSE a/k/a AXL ROSE; GUNS N' ROSES; GUNDAM TOURING SERVICES US, LLC; TEAM BRAZIL; and/or LIVE NATION ENTERTAINMENT, INC., managed, supervised, and/or otherwise had control over a concert / event that occurred at Hersheypark Stadium in Hershey, Pennsylvania, publicized as the "Guns N' Roses 2021 Tour."

## II.  STATEMENT OF JURISDICTION

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as this action exists between citizens of different states and the amount in controversy exceeds $75,000.

## II.  STATEMENT OF FACTS

12.     The events hereinafter complained of occurred on or about July 31, 2021, at approximately 10:00 p.m., at Hersheypark Stadium in Hershey, Pennsylvania.

13.     At the aforementioned place and time, Plaintiff, SARAH BROWN, purchased tickets to the aforementioned "Guns N' Roses 2021 Tour" scheduled to occur at Hersheypark Stadium in Hershey, Pennsylvania, and was lawfully present at and within said Stadium.

14.     At the aforementioned place and time, Defendant, W. AXL ROSE a/k/a AXL ROSE, negligently and recklessly threw a heavy microphone into the crowd at Hersheypark Stadium, which hit Plaintiff, SARAH BROWN.

15.     Prior to July 31, 2021, Defendant, W. AXL ROSE a/k/a AXL ROSE, had thrown microphones into crowds and caused injuries and damages to individuals in attendance at such events.

16.     It is believed and therefore averred that Defendants, GUNS N' ROSES; GUNDAM TOURING SERVICES US, LLC; TEAM BRAZIL; LIVE NATION ENTERTAINMENT, INC.; and/or HERSHEY ENTERTAINMENT & RESORTS COMPANY, knew and/or should have known that Defendant, W. AXL ROSE a/k/a AXL ROSE, had thrown microphones into crowds and caused injuries and damages to individuals in attendance at such events, and that Defendant, W. AXL ROSE a/k/a AXL ROSE, would throw a microphone into the crowd on July 31, 2021.

17.     As a direct and proximate result of the negligence of Defendants, Plaintiff, SARAH BROWN, was caused to sustain severe, grievous, and debilitating personal injuries as set forth in more detail within.

## COUNT I

### SARAH BROWN

### v.

### W. AXL ROSE a/k/a AXL ROSE

18.     Paragraphs 1 through 17, inclusive, are incorporated herein by reference as though fully set forth at length.

19.     The aforesaid accident and injuries sustained by Plaintiff, SARAH BROWN, occurred as a direct and proximate result of the negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, W. AXL ROSE a/k/a AXL ROSE, generally and in the following particulars:

      a.     in causing, allowing, and permitting a heavy microphone to be thrown into a crowd and to crush Plaintiff, SARAH BROWN;

  b.  in throwing a heavy microphone into a crowd when he knew or should have known that such action caused a risk of harm to individuals in the crowd including Plaintiff, SARAH BROWN;

  c.  in failing to be attentive under the circumstances then and there existing;

  d.  in failing to keep the aforementioned microphone secure;

  e.  in exposing the public to a great risk of harm, including Plaintiff, SARAH BROWN, by throwing the aforementioned heavy microphone into a crowd;

  f.  in utilizing the aforementioned heavy microphone in a reckless, willful, wanton, and outrageous manner and with reckless disregard for the safety of others, including Plaintiff, when Defendant knew or should have known through the exercise of reasonable care that allowing said microphone to be thrown into a crowd created a great risk of harm;

  g.  in failing to take proper measures to prevent the aforementioned microphone from entering a crowd;

  h.  in utilizing the aforementioned heavy microphone when he was not in a safe physical condition to utilize said microphone once detached from its stand;

  i.  in detaching the aforementioned microphone from its stand;

  j.  in detaching the aforementioned microphone from its stand when he was otherwise impaired and/or affected by his physical condition such that he was not able to utilize said microphone in a safe manner;

  k.  in causing the aforementioned microphone to strike Plaintiff;

  l.  in failing to exercise reasonable care while utilizing the aforementioned microphone;

  m.  in failing to maintain the aforementioned microphone under proper and adequate control at all times material hereto; and

  n.  in creating an unsafe and hazardous environment within the Hersheypark Stadium by failing to have proper control over said microphone.

20.  As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, W. AXL ROSE a/k/a AXL ROSE, Plaintiff, SARAH BROWN, sustained the following severe and serious injuries:

  a.  depressed fracture of the right orbital floor;

b.      fracture of the lateral wall and orbital surface of the right frontal sinus;

c.      concussion with post-concussion syndrome resulting in an inability to work due to continuing symptoms;

d.      cognitive neurobehavioral dysfunction following brain injury;

e.      hematoma and blood within the right frontal, ethmoid, and maxillary sinuses;

f.      large laceration adjacent to the right eye, extending from the medial aspect of the orbit over the eyebrow requiring a procedure for suturing measuring approximately 3 centimeters with exposed muscle and bone;

g.      development of suture abscess requiring a course of antibiotics;

h.      damage to the sensory nerves in the supra brow area resulting in numbness;

i.      changes in vision, including:

      i.      flashes of light

      ii.     double vision

      iii.    decrease in peripheral vision

      iv.     sensitivity to light

      v.      increased tearing of the right eye

j.      laceration in the corner of the right eye measuring approximately 3 centimeters;

k.      suture abscess with pus in the laceration in the corner of the right eye;

l.      laceration on the right side of the nose measuring approximately 1 centimeter;

m.      subconjunctival hemorrhage of the right eye;

n.      right sided scalp laceration;

o.      post-traumatic headaches with associated nausea, sensitivity to light, and sensitivity to sound;

p.      exacerbation of anxiety and panic attacks;

q.      hypesthesia around the right eye (decreased sensation);

r.    memory impairment / forgetfulness;

s.    cognitive and neurobehavioral difficulties following a brain injury;

t.    emesis and nausea;

u.    flashes of light;

v.    permanent scarring and disfigurement;

w.    severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of the musculoskeletal system; and

x.    other serious and permanent injuries the exact nature of which are not known to the Plaintiff at this time.

21.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, W. AXL ROSE a/k/a AXL ROSE, Plaintiff, SARAH BROWN, sustained the following damages:

a.    Plaintiff has endured and will continue to endure pain, suffering, inconvenience, and loss of enjoyment of life;

b.    Plaintiff's general health, strength, and vitality have been impaired;

c.    Plaintiff has been embarrassed and humiliated;

d.    Plaintiff has been and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services;

e.    Plaintiff has been permanently scarred and disfigured;

f.    punitive damages.

22.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, W. AXL ROSE a/k/a AXL ROSE, Plaintiff, SARAH BROWN, is seeking and is entitled to punitive damages as:

a.    Defendant, W. AXL ROSE A/K/A AXL ROSE, knew or should have known that throwing a microphone into a crowd would cause bodily harm to individuals therein.

     b.     Defendant, W. AXL ROSE A/K/A AXL ROSE, wantonly and with reckless disregard for human life, threw the aforementioned microphone into a crowd of people.

     c.     Defendant, W. AXL ROSE A/K/A AXL ROSE, has thrown microphones into crowds on prior occasions, which had caused injury.

     d.     For the reasons set forth and enumerated herein, all of which demonstrate and establish Defendant, W. AXL ROSE A/K/A AXL ROSE's wanton, willful, and reckless disregard for human life, Plaintiff, Sarah Brown, demands punitive damages, attorneys' fees, costs, interest, and all other permissible damages of a punitive nature from Defendant, W. AXL ROSE A/K/A AXL ROSE.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against Defendant, W. AXL ROSE A/K/A AXL ROSE, and in Plaintiff's favor in an amount in excess of $75,000, for compensatory damages, punitive damages, interest, costs of suit, and attorneys' fees.

**A JURY TRIAL IS DEMANDED.**

### COUNT II

**SARAH BROWN**

**v.**

**GUNS N' ROSES**

23.    Paragraphs 1 through 22, inclusive, are incorporated herein by reference as though fully set forth at length.

24.    The aforesaid accident and injuries sustained by Plaintiff, SARAH BROWN, occurred as a direct and proximate result of the negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, GUNS N' ROSES, generally and in the following particulars:

     a.     in causing, allowing, and/or permitting a heavy microphone to be thrown into a crowd and to crush Plaintiff, SARAH BROWN;

     b.     in failing to take actions to prevent W. AXL ROSE A/K/A AXL ROSE from throwing a microphone into a crowd when it knew or should have

known that W. AXL ROSE A/K/A AXL ROSE had taken such action in the past and would do so on the date in question;

c.    in failing to utilize items to prevent the aforementioned microphone from being thrown into a crowd such items that would prevent such microphone from being removed from a stand and/or otherwise able to be removed from the stage area;

d.    in failing to adopt safe procedures relative to the use of microphones;

e.    in failing to enforce safe procedures relative to the use of microphones;

f.    in adopting and/or creating an atmosphere that encouraged unsafe use of heavy objects during concerts, such as the aforementioned microphone;

g.    in allowing W. AXL ROSE A/K/A AXL ROSE to utilize a microphone that could be thrown into a crowd when it knew or should have known that such use of a microphone by W. AXL ROSE A/K/A AXL ROSE created an unreasonable risk of bodily harm to others such as Plaintiff, SARAH BROWN;

h.    in failing to properly secure the microphone to the stage;

i.    in failing to exercise reasonable care when providing equipment to W. AXL ROSE A/K/A AXL ROSE;

j.    in failing to properly supervise the actions of its partners, agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE;

k.    in failing to establish safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

l.    in failing to enforce safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

m.    in failing to instruct, train, educate, observe and superintend its agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE on the use of equipment including microphones;

n.    in allowing a negligent and careless individual to have access to and utilize a microphone that was capable of being thrown into a crowd;

o.    in creating unsafe and hazardous conditions for those in attendance at concerts by providing equipment to W. AXL ROSE A/K/A AXL ROSE that could be thrown into a crowd;

p.    in exposing individuals such as Plaintiff, SARAH BROWN, to the dangerous use of equipment by W. AXL ROSE A/K/A AXL ROSE.

25.     As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, GUNS N' ROSES, Plaintiff, SARAH BROWN, sustained the following severe and serious injuries:

      a.    depressed fracture of the right orbital floor;

      b.    fracture of the lateral wall and orbital surface of the right frontal sinus;

      c.    concussion with post-concussion syndrome resulting in an inability to work due to continuing symptoms;

      d.    cognitive neurobehavioral dysfunction following brain injury;

      e.    hematoma and blood within the right frontal, ethmoid, and maxillary sinuses;

      f.    large laceration adjacent to the right eye, extending from the medial aspect of the orbit over the eyebrow requiring a procedure for suturing measuring approximately 3 centimeters with exposed muscle and bone;

      g.    development of suture abscess requiring a course of antibiotics;

      h.    damage to the sensory nerves in the supra brow area resulting in numbness;

      i.    changes in vision, including:

            i.    flashes of light

            ii.    double vision

            iii.    decrease in peripheral vision

            iv.    sensitivity to light

            v.    increased tearing of the right eye

      j.    laceration in the corner of the right eye measuring approximately 3 centimeters;

      k.    suture abscess with pus in the laceration in the corner of the right eye;

      l.    laceration on the right side of the nose measuring approximately 1 centimeter;

m.    subconjunctival hemorrhage of the right eye;

n.    right sided scalp laceration;

o.    post-traumatic headaches with associated nausea, sensitivity to light, and sensitivity to sound;

p.    exacerbation of anxiety and panic attacks;

q.    hypesthesia around the right eye (decreased sensation);

r.    memory impairment / forgetfulness;

s.    cognitive and neurobehavioral difficulties following a brain injury;

t.    emesis and nausea;

u.    flashes of light;

v.    permanent scarring and disfigurement;

w.    severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of the musculoskeletal system; and

x.    other serious and permanent injuries the exact nature of which are not known to the Plaintiff at this time.

26.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, GUNS N' ROSES, Plaintiff, SARAH BROWN, sustained the following damages:

a.    Plaintiff has endured and will continue to endure pain, suffering, inconvenience, and loss of enjoyment of life;

b.    Plaintiff's general health, strength, and vitality have been impaired;

c.    Plaintiff has been embarrassed and humiliated;

d.    Plaintiff has been and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services;

e.    Plaintiff has been permanently scarred and disfigured;

f.    punitive damages.

27.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant GUNS N' ROSES, Plaintiff, SARAH BROWN, is seeking and is entitled to punitive damages as:

a.    Defendant, GUNS N' ROSES, knew or should have known that allowing W. AXL ROSE A/K/A AXL ROSE to have access to a microphone that wasn't secured to the stage would result in W. AXL ROSE A/K/A AXL ROSE throwing such microphone into a crowd and causing bodily harm to individuals therein.

b.    Defendant, GUNS N' ROSES, knew or should have known that W. AXL ROSE A/K/A AXL ROSE, has thrown microphones into crowds on prior occasions, which had caused injury.

c.    For the reasons set forth and enumerated herein, all of which demonstrate and establish Defendant, GUNS N' ROSES's wanton, willful, and reckless disregard for human life, Plaintiff, Sarah Brown, demands punitive damages, attorneys' fees, costs, interest, and all other permissible damages of a punitive nature from Defendant, GUNS N' ROSES.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against Defendant, GUNS N' ROSES, and in Plaintiff's favor in an amount in excess of $75,000, for compensatory damages, punitive damages, interest, costs of suit, and attorneys' fees.

**A JURY TRIAL IS DEMANDED.**

## COUNT III

### SARAH BROWN

### v.

### GUNDAM TOURING SERVICES US, LLC

28.    Paragraphs 1 through 27, inclusive, are incorporated herein by reference as though fully set forth at length.

29.    The aforesaid accident and injuries sustained by Plaintiff, SARAH BROWN, occurred as a direct and proximate result of the negligence, carelessness, recklessness, wantonness

and reckless disregard for the value of human life of the Defendant, GUNDAM TOURING

SERVICES US, LLC, generally and in the following particulars:

  a.  in causing, allowing, and/or permitting a heavy microphone to be thrown into a crowd and to crush Plaintiff, SARAH BROWN;

  b.  in failing to take actions to prevent W. AXL ROSE A/K/A AXL ROSE from throwing a microphone into a crowd when it knew or should have known that W. AXL ROSE A/K/A AXL ROSE had taken such action in the past and would do so on the date in question;

  c.  in failing to utilize items to prevent the aforementioned microphone from being thrown into a crowd such items that would prevent such microphone from being removed from a stand and/or otherwise able to be removed from the stage area;

  d.  in failing to adopt safe procedures relative to the use of microphones;

  e.  in failing to enforce safe procedures relative to the use of microphones;

  f.  in adopting and/or creating an atmosphere that encouraged unsafe use of heavy objects during concerts, such as the aforementioned microphone;

  g.  in allowing W. AXL ROSE A/K/A AXL ROSE to utilize a microphone that could be thrown into a crowd when it knew or should have known that such use of a microphone by W. AXL ROSE A/K/A AXL ROSE created an unreasonable risk of bodily harm to others such as Plaintiff, SARAH BROWN;

  h.  in failing to properly secure the microphone to the stage;

  i.  in failing to exercise reasonable care when providing equipment to W. AXL ROSE A/K/A AXL ROSE;

  j.  in failing to properly supervise the actions of its partners, agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE;

  k.  in failing to establish safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

  l.  in failing to enforce safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

  m.  in failing to instruct, train, educate, observe and superintend its agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE on the use of equipment including microphones;

  n.  in allowing a negligent and careless individual to have access to and utilize a microphone that was capable of being thrown into a crowd;

o.    in creating unsafe and hazardous conditions for those in attendance at concerts by providing equipment to W. AXL ROSE A/K/A AXL ROSE that could be thrown into a crowd;

p.    in exposing individuals such as Plaintiff, SARAH BROWN, to the dangerous use of equipment by W. AXL ROSE A/K/A AXL ROSE.

30.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, GUNDAM TOURING SERVICES US, LLC, Plaintiff, SARAH BROWN, sustained the following severe and serious injuries:

a.    depressed fracture of the right orbital floor;

b.    fracture of the lateral wall and orbital surface of the right frontal sinus;

c.    concussion with post-concussion syndrome resulting in an inability to work due to continuing symptoms;

d.    cognitive neurobehavioral dysfunction following brain injury;

e.    hematoma and blood within the right frontal, ethmoid, and maxillary sinuses;

f.    large laceration adjacent to the right eye, extending from the medial aspect of the orbit over the eyebrow requiring a procedure for suturing measuring approximately 3 centimeters with exposed muscle and bone;

g.    development of suture abscess requiring a course of antibiotics;

h.    damage to the sensory nerves in the supra brow area resulting in numbness;

i.    changes in vision, including:

i.    flashes of light

ii.    double vision

iii.    decrease in peripheral vision

iv.    sensitivity to light

v.    increased tearing of the right eye

j.     laceration in the corner of the right eye measuring approximately 3 centimeters;

k.     suture abscess with pus in the laceration in the corner of the right eye;

l.     laceration on the right side of the nose measuring approximately 1 centimeter;

m.     subconjunctival hemorrhage of the right eye;

n.     right sided scalp laceration;

o.     post-traumatic headaches with associated nausea, sensitivity to light, and sensitivity to sound;

p.     exacerbation of anxiety and panic attacks;

q.     hypesthesia around the right eye (decreased sensation);

r.     memory impairment / forgetfulness;

s.     cognitive and neurobehavioral difficulties following a brain injury;

t.     emesis and nausea;

u.     flashes of light;

v.     permanent scarring and disfigurement;

w.     severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of the musculoskeletal system; and

x.     other serious and permanent injuries the exact nature of which are not known to the Plaintiff at this time.

31.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, GUNDAM TOURING SERVICES US, LLC, Plaintiff, SARAH BROWN, sustained the following damages:

a.     Plaintiff has endured and will continue to endure pain, suffering, inconvenience, and loss of enjoyment of life;

b.     Plaintiff's general health, strength, and vitality have been impaired;

c.    Plaintiff has been embarrassed and humiliated;

d.    Plaintiff has been and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services;

e.    Plaintiff has been permanently scarred and disfigured;

f.    punitive damages.

32.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant GUNDAM TOURING SERVICES US, LLC, Plaintiff, SARAH BROWN, is seeking and is entitled to punitive damages as:

a.    Defendant, GUNDAM TOURING SERVICES US, LLC, knew or should have known that allowing W. AXL ROSE A/K/A AXL ROSE to have access to a microphone that wasn't secured to the stage would result in W. AXL ROSE A/K/A AXL ROSE throwing such microphone into a crowd and causing bodily harm to individuals therein.

b.    Defendant, GUNDAM TOURING SERVICES US, LLC, knew or should have known that W. AXL ROSE A/K/A AXL ROSE, has thrown microphones into crowds on prior occasions, which had caused injury.

c.    For the reasons set forth and enumerated herein, all of which demonstrate and establish Defendant, GUNDAM TOURING SERVICES US, LLC's wanton, willful, and reckless disregard for human life, Plaintiff, Sarah Brown, demands punitive damages, attorneys' fees, costs, interest, and all other permissible damages of a punitive nature from Defendant, GUNDAM TOURING SERVICES US, LLC.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against Defendant, GUNDAM TOURING SERVICES US, LLC, and in Plaintiff's favor in an amount in excess of $75,000, for compensatory damages, punitive damages, interest, costs of suit, and attorneys' fees.

**A JURY TRIAL IS DEMANDED.**

## COUNT IV

### SARAH BROWN

### v.

### TEAM BRAZIL

33.    Paragraphs 1 through 32, inclusive, are incorporated herein by reference as though fully set forth at length.

34.    The aforesaid accident and injuries sustained by Plaintiff, SARAH BROWN, occurred as a direct and proximate result of the negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, TEAM BRAZIL, generally and in the following particulars:

a.    in causing, allowing, and/or permitting a heavy microphone to be thrown into a crowd and to crush Plaintiff, SARAH BROWN;

b.    in failing to take actions to prevent W. AXL ROSE A/K/A AXL ROSE from throwing a microphone into a crowd when it knew or should have known that W. AXL ROSE A/K/A AXL ROSE had taken such action in the past and would do so on the date in question;

c.    in failing to utilize items to prevent the aforementioned microphone from being thrown into a crowd such items that would prevent such microphone from being removed from a stand and/or otherwise able to be removed from the stage area;

d.    in failing to adopt safe procedures relative to the use of microphones;

e.    in failing to enforce safe procedures relative to the use of microphones;

f.    in adopting and/or creating an atmosphere that encouraged unsafe use of heavy objects during concerts, such as the aforementioned microphone;

g.    in allowing W. AXL ROSE A/K/A AXL ROSE to utilize a microphone that could be thrown into a crowd when it knew or should have known that such use of a microphone by W. AXL ROSE A/K/A AXL ROSE created an unreasonable risk of bodily harm to others such as Plaintiff, SARAH BROWN;

h.    in failing to properly secure the microphone to the stage;

i.  in failing to exercise reasonable care when providing equipment to W. AXL ROSE A/K/A AXL ROSE;

j.  in failing to properly supervise the actions of its partners, agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE;

k.  in failing to establish safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

l.  in failing to enforce safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

m.  in failing to instruct, train, educate, observe and superintend its agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE on the use of equipment including microphones;

n.  in allowing a negligent and careless individual to have access to and utilize a microphone that was capable of being thrown into a crowd;

o.  in creating unsafe and hazardous conditions for those in attendance at concerts by providing equipment to W. AXL ROSE A/K/A AXL ROSE that could be thrown into a crowd;

p.  in exposing individuals such as Plaintiff, SARAH BROWN, to the dangerous use of equipment by W. AXL ROSE A/K/A AXL ROSE.

35.  As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, TEAM BRAZIL, Plaintiff, SARAH BROWN, sustained the following severe and serious injuries:

a.  depressed fracture of the right orbital floor;

b.  fracture of the lateral wall and orbital surface of the right frontal sinus;

c.  concussion with post-concussion syndrome resulting in an inability to work due to continuing symptoms;

d.  cognitive neurobehavioral dysfunction following brain injury;

e.  hematoma and blood within the right frontal, ethmoid, and maxillary sinuses;

f.  large laceration adjacent to the right eye, extending from the medial aspect of the orbit over the eyebrow requiring a procedure for suturing measuring approximately 3 centimeters with exposed muscle and bone;

g.  development of suture abscess requiring a course of antibiotics;

h.     damage to the sensory nerves in the supra brow area resulting in numbness;

i.     changes in vision, including:

    i.     flashes of light

    ii.     double vision

    iii.     decrease in peripheral vision

    iv.     sensitivity to light

    v.     increased tearing of the right eye

j.     laceration in the corner of the right eye measuring approximately 3 centimeters;

k.     suture abscess with pus in the laceration in the corner of the right eye;

l.     laceration on the right side of the nose measuring approximately 1 centimeter;

m.     subconjunctival hemorrhage of the right eye;

n.     right sided scalp laceration;

o.     post-traumatic headaches with associated nausea, sensitivity to light, and sensitivity to sound;

p.     exacerbation of anxiety and panic attacks;

q.     hypesthesia around the right eye (decreased sensation);

r.     memory impairment / forgetfulness;

s.     cognitive and neurobehavioral difficulties following a brain injury;

t.     emesis and nausea;

u.     flashes of light;

v.     permanent scarring and disfigurement;

w.     severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of the musculoskeletal system; and

   x. other serious and permanent injuries the exact nature of which are not known to the Plaintiff at this time.

  36. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, TEAM BRAZIL, Plaintiff, SARAH BROWN, sustained the following damages:

   a. Plaintiff has endured and will continue to endure pain, suffering, inconvenience, and loss of enjoyment of life;

   b. Plaintiff's general health, strength, and vitality have been impaired;

   c. Plaintiff has been embarrassed and humiliated;

   d. Plaintiff has been and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services;

   e. Plaintiff has been permanently scarred and disfigured;

   f. punitive damages.

  37. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, TEAM BRAZIL, Plaintiff, SARAH BROWN, is seeking and is entitled to punitive damages as:

   a. Defendant, TEAM BRAZIL, knew or should have known that allowing W. AXL ROSE A/K/A AXL ROSE to have access to a microphone that wasn't secured to the stage would result in W. AXL ROSE A/K/A AXL ROSE throwing such microphone into a crowd and causing bodily harm to individuals therein.

   b. Defendant, TEAM BRAZIL, knew or should have known that W. AXL ROSE A/K/A AXL ROSE, has thrown microphones into crowds on prior occasions, which had caused injury.

   c. For the reasons set forth and enumerated herein, all of which demonstrate and establish Defendant, TEAM BRAZIL's wanton, willful, and reckless disregard for human life, Plaintiff, Sarah Brown, demands punitive damages, attorneys' fees, costs, interest, and all other permissible damages of a punitive nature from Defendant, TEAM BRAZIL.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against Defendant, TEAM BRAZIL, and in Plaintiff's favor in an amount in excess of $75,000, for compensatory damages, punitive damages, interest, costs of suit, and attorneys' fees.

**A JURY TRIAL IS DEMANDED.**

## COUNT V

## SARAH BROWN

### v.

## LIVE NATION ENTERTAINMENT, INC.

38.    Paragraphs 1 through 37, inclusive, are incorporated herein by reference as though fully set forth at length.

39.    The aforesaid accident and injuries sustained by Plaintiff, SARAH BROWN, occurred as a direct and proximate result of the negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, LIVE NATION ENTERTAINMENT, INC., generally and in the following particulars:

a.    in causing, allowing, and/or permitting a heavy microphone to be thrown into a crowd and to crush Plaintiff, SARAH BROWN;

b.    in failing to take actions to prevent W. AXL ROSE A/K/A AXL ROSE from throwing a microphone into a crowd when it knew or should have known that W. AXL ROSE A/K/A AXL ROSE had taken such action in the past and would do so on the date in question;

c.    in failing to utilize items to prevent the aforementioned microphone from being thrown into a crowd such items that would prevent such microphone from being removed from a stand and/or otherwise able to be removed from the stage area;

d.    in failing to adopt safe procedures relative to the use of microphones;

e.    in failing to enforce safe procedures relative to the use of microphones;

f.    in adopting and/or creating an atmosphere that encouraged unsafe use of heavy objects during concerts, such as the aforementioned microphone;

g.      in allowing W. AXL ROSE A/K/A AXL ROSE to utilize a microphone that could be thrown into a crowd when it knew or should have known that such use of a microphone by W. AXL ROSE A/K/A AXL ROSE created an unreasonable risk of bodily harm to others such as Plaintiff, SARAH BROWN;

h.      in failing to properly secure the microphone to the stage;

i.      in failing to exercise reasonable care when providing equipment to W. AXL ROSE A/K/A AXL ROSE;

j.      in failing to properly supervise the actions of its partners, agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE;

k.      in failing to establish safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

l.      in failing to enforce safe and reasonable guidelines, regulations and/or instructions regarding the use of microphones;

m.      in failing to instruct, train, educate, observe and superintend its agents, servants and/or employees including W. AXL ROSE A/K/A AXL ROSE on the use of equipment including microphones;

n.      in allowing a negligent and careless individual to have access to and utilize a microphone that was capable of being thrown into a crowd;

o.      in creating unsafe and hazardous conditions for those in attendance at concerts by providing equipment to W. AXL ROSE A/K/A AXL ROSE that could be thrown into a crowd;

p.      in exposing individuals such as Plaintiff, SARAH BROWN, to the dangerous use of equipment by W. AXL ROSE A/K/A AXL ROSE.

40.     As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, LIVE NATION ENTERTAINMENT, INC., Plaintiff, SARAH BROWN, sustained the following severe and serious injuries:

a.      depressed fracture of the right orbital floor;

b.      fracture of the lateral wall and orbital surface of the right frontal sinus;

c.      concussion with post-concussion syndrome resulting in an inability to work due to continuing symptoms;

d.      cognitive neurobehavioral dysfunction following brain injury;

e.      hematoma and blood within the right frontal, ethmoid, and maxillary sinuses;

f.      large laceration adjacent to the right eye, extending from the medial aspect of the orbit over the eyebrow requiring a procedure for suturing measuring approximately 3 centimeters with exposed muscle and bone;

g.      development of suture abscess requiring a course of antibiotics;

h.      damage to the sensory nerves in the supra brow area resulting in numbness;

i.      changes in vision, including:

        i.      flashes of light

        ii.     double vision

        iii.    decrease in peripheral vision

        iv.     sensitivity to light

        v.      increased tearing of the right eye

j.      laceration in the corner of the right eye measuring approximately 3 centimeters;

k.      suture abscess with pus in the laceration in the corner of the right eye;

l.      laceration on the right side of the nose measuring approximately 1 centimeter;

m.      subconjunctival hemorrhage of the right eye;

n.      right sided scalp laceration;

o.      post-traumatic headaches with associated nausea, sensitivity to light, and sensitivity to sound;

p.      exacerbation of anxiety and panic attacks;

q.      hypesthesia around the right eye (decreased sensation);

r.      memory impairment / forgetfulness;

s.      cognitive and neurobehavioral difficulties following a brain injury;

t.      emesis and nausea;

u.    flashes of light;

v.    permanent scarring and disfigurement;

w.    severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of the musculoskeletal system; and

x.    other serious and permanent injuries the exact nature of which are not known to the Plaintiff at this time.

41.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, LIVE NATION ENTERTAINMENT, INC., Plaintiff, SARAH BROWN, sustained the following damages:

a.    Plaintiff has endured and will continue to endure pain, suffering, inconvenience, and loss of enjoyment of life;

b.    Plaintiff's general health, strength, and vitality have been impaired;

c.    Plaintiff has been embarrassed and humiliated;

d.    Plaintiff has been and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services;

e.    Plaintiff has been permanently scarred and disfigured;

f.    punitive damages.

42.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, wantonness and reckless disregard for the value of human life of the Defendant, LIVE NATION ENTERTAINMENT, INC., Plaintiff, SARAH BROWN, is seeking and is entitled to punitive damages as:

a.    Defendant, LIVE NATION ENTERTAINMENT, INC., knew or should have known that allowing W. AXL ROSE A/K/A AXL ROSE to have access to a microphone that wasn't secured to the stage would result in W. AXL ROSE A/K/A AXL ROSE throwing such microphone into a crowd and causing bodily harm to individuals therein.

     b.     Defendant, LIVE NATION ENTERTAINMENT, INC., knew or should have known that W. AXL ROSE A/K/A AXL ROSE, has thrown microphones into crowds on prior occasions, which had caused injury.

     c.     For the reasons set forth and enumerated herein, all of which demonstrate and establish Defendant, LIVE NATION ENTERTAINMENT, INC.'s wanton, willful, and reckless disregard for human life, Plaintiff, Sarah Brown, demands punitive damages, attorneys' fees, costs, interest, and all other permissible damages of a punitive nature from Defendant, LIVE NATION ENTERTAINMENT, INC.

WHEREFORE, Plaintiff, SARAH BROWN, demands judgment against Defendant, LIVE NATION ENTERTAINMENT, INC., and in Plaintiff's favor in an amount in excess of $75,000, for compensatory damages, punitive damages, interest, costs of suit, and attorneys' fees.

**A JURY TRIAL IS DEMANDED.**

                        Respectfully submitted,
                        EDGAR SNYDER & ASSOCIATES, LLC

                    By: /s/ Christine Zaremski-Young
                        Christine Zaremski-Young, Esquire
                        PA I.D. #200219
                        US Steel Tower, 10th Floor
                        600 Grant Street
                        Pittsburgh, PA 15219
                        (412) 394-1000
                        (412) 391-1827 - Fax

                        Attorney for Plaintiff

                    By: /s/ Adam C. Haggag
                        Adam C. Haggag, Esquire
                        PA I.D. #325711
                        US Steel Tower, 10th Floor
                        600 Grant Street
                        Pittsburgh, PA 15219
                        (412) 394-1000
                        (412) 391-1827 - Fax

                        Attorney for Plaintiff